534

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. MARVIN McCoy, Appellant.— Judgment unanimously affirmed. Memorandum: In the light of the subsequently decided case of *People* v. *Gunner* (15 N Y 2d 226) the trial court erroneously excluded from evidence on the authority of *Escobedo* v. *Illinois* (378 U. S. 478) the defendant's written statement which resulted in the dismissal of the first and second counts of the indictment charging rape, second degree. We find, however, sufficient proof to justify affirming the judgment entered upon the jury's verdict finding defendant guilty of the fourth, fifth and sixth counts of the indictment. (Appeal from judgment of Orleans County Court convicting defendant of carnal abuse of a child, over 10 and less than 16 years of age.) Present — Bastow, J. P., Goldman, Henry and Del Vecchio, JJ.

■ ALEXANDER RIVERA, as Administrator of the Estate of JUANITA RIVERA, Deceased, Appellant, v. BERNARD CRUMLISH et al., Respondents.— Judgment insofar as it is against the plaintiff for no cause of action against the defendants Crumlish and Sean Cab Corporation unanimously reversed on the law and facts and a new trial granted, with costs to appellant to abide the event, and otherwise judgment affirmed. Memorandum: The verdict in favor of the defendants Crumlish and Sean Cab Corporation is against the weight of the evidence. (Appeal from judgment of Oneida Trial Term in favor of defendants, Crumlish, Sean Cab, Roson, for no cause of action; as to defendant Colon, court granted motion to dismiss complaint at close of plaintiff's case, in an automobile negligence action.) Present — Bastow, J. P., Goldman, Henry and Del Vecchio, JJ.

■ ALEXANDER RIVERA, Individually and as Guardian ad Litem of CARMEN RIVERA, et al., Appellants, v. BERNARD CRUMLISH et al., Respondents.— Same decision and like cause of action as in companion case of *Rivera* v. *Crumlish* (24 A D 2d 534), decided herewith.

■ In the Matter of DOMINICK ARCURI, Petitioner, v. CITY OF UTICA, Respondent.— Determination unanimously annulled and matter remitted to respondent for further proceedings in accordance with the memorandum. Memorandum: This proceeding to review a determination of the Commissioner of Public Works of Utica has been transferred to this court pursuant to CPLR 7804 (subd. [g]). The petitioner was dismissed from service by the Commissioner following a hearing. The record does not contain the charges made against the petitioner. Although the Commissioner in a letter of October 21, 1963 dismissing the petitioner from service states that the recommendations of the Hearing Officer were reviewed, this court does not have those recommendations in this record. The oral argument revealed that three different charges were made. Again the record does not disclose which of the charges the Commissioner sustained. A proper review of the determination cannot be made by this court in the state of this record. The charges made are essential. The recommendations of the Hearing Officer would be helpful. In the very least the Commissioner should make a decision as to which of the charges the petitioner was found guilty. The determination should be annulled and the matter remitted to the Commissioner for a *de novo* determination. (Review of determination of City of Utica in removing petitioner as foreman in Department of Public Works, transferred by order of Oneida Special Term.) Present — Bastow, J. P., Goldman, Henry and Del Vecchio, JJ.